UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Isidro Rebollar Mendoza,** and **Aurora Jaimes Aguirre** **Plaintiffs,** v. **Chad F. Wolf,** Acting Secretary, U.S. Department of Homeland Security; **Kenneth Cuccinelli,** Acting Director of U.S. Citizenship and Immigration Services; **Wallace L. Carroll,** Director of U.S. Citizenship and Immigration Services, Houston Field Office**;** **In their Official Capacity,** **Defendants.** | **COMPLAINT FOR DECLARATORY JUDGMENT** Case No.: |

## COMPLAINT FOR DECLARATORY JUDGMENT

### I. INTRODUCTION

Plaintiffs, Isidro Rebollar Mendoza and Aurora Jaimes Aguirre, by and through undersigned counsel, hereby file this complaint to this Court to issue a judgment declaring that the decision made by the U.S. Citizenship and Immigration Services (USCIS) on Plaintiffs' Applications for Adjustment of Status (Forms I-485), and subsequently on the Motions to Reconsider (Form I-290B) are contrary to the law and applicable precedents, and declaring that the Plaintiffs' Forms I-485 to be approved so they can obtain Lawful Permanent Residence in the United States.

In support of this complaint Plaintiffs state as follows:

### II. PARTIES

1. Mr. Isidro Rebollar Mendoza (hereinafter Mr. Mendoza or Plaintiff) is a national and citizen of Mexico. Mr. Rebollar is the Beneficiary of an approved immigrant petition, and filed an Application to Adjust Status (Form I-485) on or about August 28, 2018 based on the approved petition.

2. Ms. Aurora Jaimes Aguirre (hereinafter Ms. Aguirre or Plaintiff) is a national and citizen of Mexico. She is the spouse of Plaintiff Mendoza and is the derivative Beneficiary of an approved immigrant petition, and filed an Application to Adjust Status (Form I-485) on or about August 28, 2018 based on the approved petition.

3. Defendant, Chad F. Wolf, is the duly appointed acting Secretary of the U.S. Department of Homeland Security, which is the parent agency for USCIS. He is charged with the administration and enforcement of all laws relating to the immigration and naturalization. 8 U.S.C. section 1103(a). He is sued in his official capacity only.

4. Defendant, Kenneth Cuccinelli, who is the duly appointed acting Director of U.S. Citizenship and Immigration Services. USCIS is charged with exercising the DHS power to adjudicate applications for adjustment of status. 8 C.F.R. 100.1 and 8 C.F.R. section 245.2(a). He is sued in his official capacity.

5. Defendant, Wallace L. Carroll, is the Field Office Director for the Houston, Texas USCIS Field Office. In his capacity as Field Office Director, Defendant Wallace L. Carroll denied Mr. Mendoza's Form I-485 and reaffirmed his decision when Mr. Mendoza sought reconsideration of the denial. He is sued in his official capacity.

### III. JURISDICTION AND VENUE

6. This Court has jurisdiction to consider Plaintiffs' complaint pursuant to 28 U.S.C. section 1331 (federal questions); 28 U.S.C. section 2201(a) (declaratory judgment); and the Administrative Procedure Act (APA), 5 U.S.C. section 702 *et seq.* (person suffering legal wrong because of agency action.)

7. This Court also has jurisdiction to consider a non-discretionary decision made by USCIS denying an adjustment of status application. *See Melendez v. McAleenan*, 928 F.3d 425, 426 (5th Cir. 2019).

8. Venue properly lies in the U.S. District Court for the Southern District of Texas, Houston, Texas. The Plaintiffs reside within this district and the administrative decision denying the applications for adjustment of status was issued by the USCIS Houston, Texas Field Office, which is located within this

district.

## IV. EXHAUSTION OF REMEDIES

9. Exhaustion of remedies should not be required in this case. In the alternative, the Court should fined that exhaustion has been met. On or about August 20, 2019, Plaintiffs filed a Forms I-290B seeking reconsideration of the USCIS decision denying their applications for adjustment of status. Plaintiffs' motions to reconsider were denied on or about May 4, 2020.

## IV. STATEMENT OF RELEVANT FACTS

10. On or about August 28, 2018, Plaintiffs filed with USCIS their applications for adjustment of status, Forms I-485.

11. On June 12, 2019, Plaintiffs appeared before an immigration officer at the USCIS Houston Field Office for the adjustment of status interview.

12. During the interview, Mr. Mendoza testified in regard to the information on his application for adjustment of status. Mr. Mendoza testified that he entered the United States on about January 1994 without inspection, departed the United States in March of 1998 and then re-entered on or about June 1, 1998.

13. During the interview, Ms. Aguirre testified in regard to the information on her application for adjustment of status. Ms. Aguirre testified that she entered the United States on about January 1993 without inspection, departed the United States in December of 1997 and then re-entered on or about June 10, 1998.

14. On August 8, 2019, USCIS denied Mr. Mendoza's Form I-485, finding Mr. Mendoza ineligible for adjustment pursuant to section 212(a)(9)(B) if the Immigration and Nationality Act (the Act), by having accrued more than 6 months but less than a year of unlawful presence from April 1,1997 to his departure in March of 1998, prior to the date of his last entry into the United States. *See* **Exhibit A** Decision on Form I-485, dated August 8, 2019.On August 8, 2019, USCIS denied Mr. Mendoza's Form I-485, finding Mr. Mendoza ineligible for adjustment pursuant to section 212(a)(9)(B) if the

Immigration and Nationality Act (the Act), by having accrued more than 6 months but less than a year of unlawful presence from April 1,1997 to his departure in March of 1998, prior to the date of his last entry into the United States. *See* **Exhibit A** Decision on Form I-485, dated August 8, 2019.

15. On August 8, 2019, USCIS denied Ms. Aguirre's Form I-485, finding her ineligible for adjustment pursuant to section 212(a)(9)(B) if the Immigration and Nationality Act (the Act), by having accrued more than 6 months but less than a year of unlawful presence from April 1,1997 to her departure in December of 1997, prior to the date of her last entry into the United States. *See* **Exhibit A** Decision on Form I-485, dated August 8, 2019.

16. On August 20, 2019, Plaintiffs filed Forms I-290B, Notice of Appeal or Motion, seeking reconsideration of the USCIS decision denying the applications for adjustment of status. The Forms I-290B were denied by USCIS on May 4, 2020. *See* **Exhibit B** Decisions on Form I-290B, dated May 4, 2020.

17. Plaintiffs' argument on the motions to reconsider was that they should not have been found to be inadmissible pursuant to section 212(a)(9)(B)(i)(I) of the Act since they were applying for admission more than three years after the date of their last departure from the United States and accordingly, section 212(a)(9)(B)(i) imposes no requirement that the period of inadmissibility for the "three year" bar be "served" outside of the United States. *See* **Exhibit C**, Plaintiffs' Form I-290B.

18. Section 212(a)(9)(B) of the Act establishes "three" and "ten" year bars (in sections 212(a)(9)(B)(i)(I) and (II) respectively) to an alien's admissibility following his departure from the United States after having been unlawfully present for (respectively) more than a 180 days but less than a year, or one year or more. *See Matter of Lemus*, 24 I&N Dec. 373 (BIA 2007). However, the plain statutory language of the Act does not impose a requirement that the period of inadmissibility be "served" outside of the United States. In an unpublished decision, the Administrative Appeals Office (AAO) has interpreted the statutory language to mean that an applicant for adjustment of status can satisfy the three year bar to admission through time spent inside or outside the United States. *See In re Salles-Vaz (AAO, Feb. 22,*

*2005)*. In *Salles-Vaz*, the AAO held that an adjustment of status applicant inadmissible under 212(a)(9)(B)(i)(I) was no longer barred from the provision, as more than three years had passed since the date of his last departure to the date of the decision, in essence finding that the applicant's period of inadmissibility had expired and was no longer subject to the bar and no longer required to seek a waiver of inadmissibility unless the applicant had departed the United States within three years prior to the date of the decision. *See In re Salles-Vaz, supra*. In an unpublished decision, the Board of Immigration Appeals (the Board) has made the similar finding. *See Jose Armando Cruz*, A087-241-021 (BIA Apr. 9, 2014). In that case, the Board concluded that in light of its ambiguous language, section 212(a)(9)(B) created a "temporary bar" to inadmissibility and though the alien in that case had returned to the United States within the three year period, the period had expired at the time of filing the application for admission and the alien was no longer inadmissible. *See Jose Armando Cruz*, A087-241-021 (BIA Apr. 9, 2014).

19. Since Plaintiffs applied for their residence status more than three years after the date of their last departure from the United States and were no longer inadmissible pursuant to section 212(a)(9)(B)(i) of the Act, USCIS' decision denying the Forms I-485 and subsequent Forms I-290B are clearly erroneous as a matter of law.

## V. CLAIMS FOR RELIEF

### A. Count I- Violation of the INA

20. Plaintiffs herein adopt and incorporate by reference the allegations of paragraphs 1-19.

21. USCIS decision denying the applications for adjustment of status constitutes a violation of section 210(b)(6) of the INA, 8 U.S.C. section 1160(b)(6), as they should not have been found inadmissible under section 212(a)(9)(B) of the INA, since the three year statutory period of time had been satisfied.

### B. Count II-Violation of the APA

22. Plaintiffs herein adopt and incorporate by reference the allegations of paragraphs 1- 21.

23. The Administrative Procedure Act (APA), 5 U.S.C. section 706 provides that a court "should hold

unlawful and set aside agency action, findings, and conclusions found to be – (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity, [or] (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."

24. Defendants' denial of Plaintiffs' applications for adjustment of status was arbitrary, capricious, and not in accordance with the law.

## VII. PRAYER FOR RELIEF

25. WHEREFORE, Plaintiffs respectfully requests that this Court:

a. Accept jurisdiction and venue as proper;

b. Declare Defendants' decision denying Plaintiffs' applications for adjustment of status to be a violation of applicable provisions of the INA and APA;

c. Order Defendants to approve Plaintiffs' applications for adjustment of status;

d. Grant reasonable attorney's fees, expenses, and costs of court pursuant to the Equal Access to Justice Act, 28 USC section 2412; and

e. Grant such further relief as the Court deems just equitable, and appropriate.


Respectfully submitted,

/S/ _Manuel E. Solis_____
Law Offices of Manuel E. Solis
P.O. Box 230529
Houston, Texas 77223-0529
Federal ID: 36113
State Bar No: 18826790

Dated: 6/8/2020