United States District Court
Southern District of Texas
**ENTERED**
December 04, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISIDRO REBOLLAR MENDOZA, and AURORA JAIMES AGUIRRE, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. H-20-2022 |
| CHAD F. WOLF, Acting Secretary, U.S. Department of Homeland Security; KENNETH CUCCINELLI, Acting Director of U.S. Citizenship and Immigration Services; WALLACE L. CARROLL, Director of U.S. Citizenship and Immigration Services, Houston Field Office; In their Official Capacities, | § § § § § § § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Isidro Rebollar Mendoza ("Mr. Mendoza"), and Aurora Jaimes Aguirre ("Ms. Aguirre"), bring this action pursuant to the Immigration and Nationality Act ("INA") and the Administrative Procedure Act ("APA") against the following defendants in their official capacities: Chad F. Wolf, Acting Secretary of the United States Department of Homeland Security; Kenneth Cuccinelli, Acting Director of United States Citizenship and Immigration Services; and Wallace L. Carroll, Director of United States Citizenship and Immigration Services, Houston Field Office. Plaintiffs seek

a judgment declaring that the decision made by the U.S. Citizenship and Immigration Services (USCIS) on

1

> Plaintiffs' Applications for Adjustment of Status (Forms I-485), and subsequently on the Motions to Reconsider (Form[s] I-290B) are contrary to the law and applicable precedents, and declaring that the Plaintiffs' Forms I-485 . . . be approved so they can obtain Lawful Permanent Residence in the United States.[1]

Pending before the court is Defendants' Motion to Dismiss Plaintiffs' Complaint for Declaratory Judgment ("Defendants' Motion to Dismiss") (Docket Entry No. 6).  Defendants move the court to dismiss plaintiffs' complaint "for lack of subject matter jurisdiction and failure to state a claim for relief under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively."[2]  In the event that the court decides to grant Defendants' Motion to Dismiss, plaintiffs request leave to amend their complaint to cure deficiencies.[3]  For the reasons stated below, Defendants' Motion to Dismiss will be granted for lack of subject matter jurisdiction, plaintiffs' request to amend will be denied as futile, and this action will be dismissed without prejudice.

---

[1]Complaint for Declaratory Judgment ("Plaintiffs' Complaint"), Docket Entry No. 1, p. 1.  All page numbers for docket entries refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2]Defendants' Motion to Dismiss, Docket Entry No. 6, p. 1.

[3]Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) ("Plaintiffs' Response in Opposition"), Docket Entry No. 7, p. 5 ¶¶ 19-20.

## I. <u>Plaintiffs' Complaint</u>

**A.   Plaintiffs' Statement of Relevant Facts[4]**

Plaintiffs, a married couple, are citizens of Mexico.  On August 28, 2018, plaintiffs each filed an Application to Register Permanent Residence or Adjust Status (Form I-485) with the USCIS. The applications were based on Mr. Mendoza's receipt of an approved employment-based visa petition.  On June 12, 2019, plaintiffs appeared before an immigration officer at the USCIS Houston Field Office for adjustment of status interviews.  During his interview, Mr. Mendoza testified that the information on his application was true and correct, that he entered the United States in January of 1994 without inspection, departed the United States in March of 1998, and then re-entered the United States on June 1, 1998, without inspection.  Ms. Aguirre testified that the information on her application was true and correct, that she entered the United States in January of 1993 without inspection, departed the United States in December of 1997, and re-entered the United States on June 10, 1998, without inspection.

On August 8, 2019, USCIS denied the plaintiffs' Applications to Register Permanent Residence or Adjust Status (Forms I-485). The denials stated that each plaintiff was inadmissible under §§ 212(a)(9)(B) and 245(a)(2) of the INA, 8 U.S.C. §§ 1182(a)(9)(B)

---

[4]Plaintiffs' Complaint, Docket Entry No. 1, pp. 3-5 ¶¶ 10-19.

and 1255(a)(2), and that there was no appeal from the decision, but that motions to reopen or to reconsider could be filed.[5]

On August 20, 2019, each plaintiff filed a Form I-290B, Notice of Appeal or Motion, seeking reconsideration of the USCIS decision denying their applications for adjustment of status. Acknowledging that § 212(a)(9)(B)(i)(I) of the INA, 8 U.S.C. § 1182(a)(9)(B)(9)(i)(I) creates temporary 3- and 10-year bars to an alien's admissibility following departure from the United States after having been unlawfully present for certain periods of time, plaintiffs argued that the USCIS' denials of their applications were clearly erroneous as a matter of law because that section of the INA did not require them to remain outside of the United States during their periods of inadmissibility.[6]

On May 4, 2020, USCIS denied plaintiffs' Forms I-290B.[7]

**B.   Plaintiffs' Claims**

On June 9, 2020, plaintiffs filed this action asserting two claims for relief. First, citing § 210(b)(6) of the INA, 8 U.S.C. § 1160(b)(6), plaintiffs assert that "they should not have been

---

[5]See Decision on From I-485, dated August 8, 2019, Exhibit A to Plaintiffs Complaint, Docket Entry No. 1-1, pp. 11-12 (Ms. Aguirre), and Docket Entry No. 1-2, pp. 11-12 (Mr. Mendoza).

[6]See Plaintiffs' Form I-290B, Exhibit C to Plaintiffs' Complaint, Docket Entry No. 1-1, pp. 3-4 (Ms. Aguirre), and Docket Entry No. 1-2, pp. 3-4 (Mr. Mendoza).

[7]See Decisions on Form I-290B, date May 4, 2020, Exhibit B to Plaintiffs' Complaint, Docket Entry No. 1-1, pp. 1-2 (Ms. Aguirre), and Docket Entry No. 1-2, pp. 1-2 (Mr. Mendoza).

found inadmissible under [§] 212(a)(9)(B) of the INA, since the three year statutory period of time had been satisfied."[8]   Second, citing the APA, 5 U.S.C. § 706, plaintiffs assert that "[d]efendants' denial of [their] applications for adjustment of status was arbitrary, capricious, and not in accordance with the law."[9]   Plaintiffs ask the court to "[d]eclare [d]efendants' decision denying [their] applications for adjustment of status to be a violation of applicable provisions in the INA and APA, [and to o]rder [d]efendants to approve [their] applications for adjustment of status."[10]

## II. **Defendants' Motion to Dismiss**

Asserting that the denials of plaintiffs' adjustment of status applications are not final agency actions, defendants argue that Plaintiffs' Complaint should be dismissed for lack of subject matter jurisdiction because plaintiffs have failed to exhaust their administrative remedies.[11]   Defendants also argue that "even if the Court finds it has subject matter jurisdiction, it should dismiss the Plaintiffs' Complaint for failure to state a claim, since USCIS' decisions denying the adjustment applications were not arbitrary, capricious, or otherwise contrary to law."[12]

---

[8]Plaintiffs' Complaint, Docket Entry No. 1, p. 5 ¶ 21.

[9]Id. at 5-6 ¶¶ 23-24.

[10]Id. ¶ 25(b)-©.

[11]Defendants' Motion to Dismiss, Docket Entry No. 6, pp. 5-6.

[12]Id. at 9.

Plaintiffs respond that "[t]he Court has jurisdiction under 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 2201(a)(declaratory judgment); and the APA, 5 U.S.C. § 702 et seq. (person suffering legal wrong because of agency action)."[13]   Recognizing that courts lack jurisdiction to review the denial of discretionary relief under 8 U.S.C. § 1255, and citing Melendez v. McAleenan, 928 F.3d 425 (5th Cir.), cert. denied, 140 S. Ct. 561 (2019), plaintiffs argue that "the jurisdictional bar of the [INA], 8 U.S.C. § 1252(a)(2)(B)(ii), is not applicable because the Court can consider a non-discretionary decision made by USCIS denying an adjustment of status application."[14]   Acknowledging that they have each been issued a Notice to Appear, "[p]laintiffs argue that all administrative remedies have been exhausted in this case since they filed . . . Form[s] I-290B, Notice of Appeal or Motion, seeking reconsideration of the decision denying the application for adjustment of status."[15]   Plaintiffs also argue that "[t]he Court should deny Defendants' motion to dismiss for failure to state a claim because Plaintiffs have presented well-pled factual allegations, which assert a claim for relief that is plausible on its face and gives rise to an entitlement for relief."[16]

---

[13]Plaintiffs' Response in Opposition, Docket Entry No. 7, p. 2 ¶ 9.

[14]Id. at 2-3 ¶ 9.

[15]Id. at 3 ¶ 10.

[16]Id. ¶ 14.

## A.    Standard of Review

When a Rule 12(b)(1) motion is filed together with other Rule 12 motions, the court should address the jurisdictional attack before addressing any attack on the merits.  <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001), <u>cert. denied sub nom. Cloud v. United States,</u> 122 S. Ct. 2665 (2002).   "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  <u>Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi,</u> 143 F.3d 1006, 1010 (5th Cir. 1998).   In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute.   "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  <u>Id.</u>   "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."  <u>Ramming,</u> 281 F.3d at 161.   Dismissal on jurisdictional grounds alone is not on the merits.  <u>Id.</u> (citing <u>Hitt v. City of Pasadena,</u> 561 F.2d 606, 608 (5th Cir. 1977) (per curiam) ("Dismissal . . . for failure to state a claim is a decision on the merits . . . whereas a dismissal on jurisdictional grounds alone is not on the merits.")).

**B.   The Court Lacks Subject Matter Jurisdiction because Plaintiffs have Failed to Exhaust Their Administrative Remedies**

"The APA confers a general cause of action upon persons 'adversely affected or aggrieved by agency action within the meaning of a relevant statute.'"   Block v. Community Nutrition Institute, 104 S. Ct. 2450, 2453 (1984) (quoting 5 U.S.C. § 702). Judicial review of agency actions under the APA is not available when the relevant "statute[] preclude[s] judicial review," or when the "agency action is committed to agency discretion by law."   5 U.S.C. § 701(a)(1)-(2).   Moreover, judicial review is permitted only where "[a]gency action [is] made reviewable by statute," and where there has been a "final agency action for which there is no other adequate remedy in a court."   5 U.S.C. § 704.

Asserting that "[t]he applicable regulations for adjustment of status applications provide that an applicant may renew a denied adjustment application in removal proceedings under 8 U.S.C. § 1229a,"[17] and that "[p]laintiffs were placed in removal proceedings on June 11, 2020,"[18] defendants argue that plaintiffs have not exhausted their administrative remedies because

> [i]f [they] receive an adverse decision from the immigration court, they may 1) appeal to the Board of Immigration Appeals (BIA) or, 2) file a motion to reopen or a motion to reconsider the immigration judge's decision per 8 U.S.C. § 1229a(c)(6)-(7) and 8 C.F.R.

---

[17]Defendants' Motion to Dismiss, Docket Entry No. 6, p. 5.

[18]Id. (citing Notice to Appear, Defendants' Exhibit 1, Docket Entry No. 6-2, pp. 1-4 (Ms. Aguirre), and pp. 5-8 (Mr. Medina)).

§ 1003.23(b).  If Plaintiffs choose to appeal to the BIA
and receive an adverse decision, Plaintiffs may seek
review in the Fifth Circuit.  8 U.S.C. § 1252(a)(1),
(a)(5).[19]

In support of their argument, defendants cite Cardoso v. Reno, 216
F.3d 512, 519 (5th Cir. 2000), in which the Fifth Circuit held that
district courts lack jurisdiction over denial of adjustment of
status applications even in cases where removal proceedings have
not been initiated because there is no direct appeal from an
adjustment of status denial, only the opportunity to reapply for
adjustment of status as part of a deportation proceeding.

In Cardoso three aliens sought to compel the Attorney General
to adjust their immigration status, permit them to remain in the
United States, and provide them with authorization to work.  216
F.3d at 513.  The Fifth Circuit held that it lacked subject matter
jurisdiction as to all three aliens because the district court
properly held that the effect of 8 U.S.C. § 1252(g) is

> to completely remove from all courts, jurisdiction or the
> ability to hear any claim arising out of the Attorney
> General's decision or action to commence proceedings,
> adjudicate immigration cases, or execute removal orders,
> except to the extent that judicial review of that
> decision is provided for in . . . 8 U.S.C. § 1252[g].

---

[19]Id.  See 8 C.F.R. §§ 245.2(a)(1)(i) ("In the case of an alien
who has been placed in deportation proceedings or in removal
proceedings (other than as an arriving alien), the immigration
judge hearing the proceeding has exclusive jurisdiction to
adjudicate any application for adjustment of status the alien may
file.").  See also 8 C.F.R. §§ 245.2(a)(5)(ii), and (c) (governing
actions that may be taken following a denial of an application to
adjust status).

Id. at 515 (quoting the district court). Because two of the three aliens were subject to removal orders the Fifth Circuit held that § 1252(g) barred courts from exercising jurisdiction over their cases. Id. at 516-17. Removal proceedings had not been initiated against the third alien, but she claimed to fear deportation. Id. at 517. Nevertheless, the Fifth Circuit held that courts lacked jurisdiction over her case because she could renew her application to adjust status upon the commencement of removal proceedings. Id. at 518 (collecting cases holding no jurisdiction exists where plaintiffs had not exhausted their administrative remedies even though removal proceedings had not commenced). The Fifth Circuit explained that exhaustion of administrative remedies is required under 8 U.S.C. § 1252(d), which governs review of final orders and states in pertinent part that "[a] court may review a final order of removal only if (1) the alien has exhausted all administrative remedies available to the alien as of right, . . ." 8 U.S.C. § 1252(d). Id.

Plaintiffs' argument that "all administrative remedies have been exhausted in this case since they filed a Form I-290B, Notice of Appeal or Motion, seeking reconsideration of the decision denying the application for adjustment of status,"[20] is contrary to the Fifth Circuit's holding in Cardoso that plaintiffs may not

---

[20]Plaintiffs' Response in Opposition, Docket Entry No. 7, p. 3 ¶ 10.

obtain judicial review of the denial of their applications to adjust status outside of the removal process. Although the Fifth Circuit has recently held that federal courts may review substantive legal issues involving eligibility for adjustment of status, Nolasco v. Crockett, 978 F.3d 955, 957 (5th Cir. 2020) (citing Melendez, 928 F.3d at 426-27), the Fifth Circuit has not held that such review may occur absent the exhaustion of administrative remedies. Exhaustion of administrative remedies was not at issue in either Nolasco or Melendez.[21] Because plaintiffs' administrative remedies include the right to de novo review of their applications to adjust status during their removal proceedings, see 8 C.F.R. § 245.2(a)(5)(ii), and because plaintiffs do not dispute that they were both placed in removal proceedings in June of 2020, the court concludes that it lacks subject matter jurisdiction over the claims asserted in this action because the plaintiffs have failed to exhaust their administrative remedies.

Because the court lacks jurisdiction over the plaintiffs' claims, the court does not reach defendants' Rule 12(b)(6) motion.

---

[21]See Nolasco, 978 F.3d at 957 & n. 2 (recognizing that the plaintiffs in both Nolasco and Melendez had received Temporary Protected Status ("TPS"), and stating that "8 C.F.R. § 245.2(a)(5)(ii) provides that '[n]o appeal lies from from the denial of an application' for adjustment of status, but 'the applicant . . . renews the right to renew his or her application in [removal] proceedings.' However, Nolasco cannot be placed in removal proceedings as the government 'shall not remove' him or others with TPS 'during the period in which such status is in effect." 8 U.S.C. § 1245a(a)(1)(A).").

### III. <u>Plaintiff's Request to Amend</u>

At the end of Plaintiff's Response in Opposition, plaintiffs assert that "[s]hould the Court grant Defendants' motions to dismiss, Plaintiffs respectfully request the Court grant [them] leave to amend the complaint to cure any deficiencies."[22]  Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires."  "Although Rule 15[a] 'evinces a bias in favor of granting leave to amend,' it is not automatic."  <u>Matter of Southmark Corp.</u>, 88 F.3d 311, 314 (5th Cir. 1996), <u>cert denied</u>, 117 S. Ct. 686 (1997) (quoting <u>Dussouy v. Gulf Coast Investment Corp.</u>, 660 F.2d 594, 597 (5th Cir. 1981)).  "A decision to grant leave is within the discretion of the trial court."  <u>Id.</u> (citing <u>State of Louisiana v. Litton Mortgage Co.</u>, 50 F.3d 1298, 1302-1303 (5th Cir. 1995) (per curiam)).  In exercising its discretion, a court may consider various criteria including, <u>inter alia,</u> the failure to cure deficiencies by amendments previously allowed and futility of the proposed amendment.  <u>Id.</u> at 314-15 (citing <u>Foman v. Davis,</u> 83 S. Ct. 227, 230 (1962)).  Because plaintiffs have argued that their complaint is sufficient to establish jurisdiction, and because plaintiffs have failed either to submit a proposed second amended complaint or to describe any additional facts that could be alleged in an amended complaint that could not have been alleged in the complaint

---

[22]Plaintiff's Response in Opposition, Docket Entry No. 7, p. 5.

now before the court, the court is persuaded that plaintiffs have pleaded their best case, and that any additional attempt to amend would be futile.  Accordingly, plaintiff's request for leave to amend will be denied.

### IV. **Conclusions and Order**

For the reasons stated in § II, above, the court concludes that it lacks subject matter jurisdiction over the claims asserted in this action because plaintiffs have failed to exhaust their administrative remedies.  Accordingly, Defendants' Motion to Dismiss, Docket Entry No. 6, is **GRANTED** based on lack of subject matter jurisdiction.

For the reasons stated in § III, above, plaintiffs' request to amend their complaint to cure deficiencies is **DENIED**.

**SIGNED** at Houston, Texas, on this the 4th day of December, 2020.

_____

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

13